UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Appellee, ) | |
| ) | |
| VS. ) | Cr. Action No. SA-06-CR-448-XR |
| ) | |
| DANIEL HERNANDEZ-LOPEZ, ) | |
| ) | |
| Defendant/Appellant. ) | |
| ) | |
| ) | |

**ORDER**

On this date, the Court considered Hernandez-Lopez's appeal from his conviction for misdemeanor illegal entry. After careful consideration, the Court will REVERSE the conviction.

**Background**

On August 22, 2006, Defendant was charged in an information as follows: "On or about June 12, 2006, within the Southern District of Texas, the Defendant DANIEL HERNANDEZ-LOPEZ, who was then and there an alien, upon his entry into the United States from Mexico at or near Hidalgo, Texas, did knowingly elude examination and inspection by immigration officers and was later apprehended on or about June 23, 2006 in San Antonio, Texas within the Western District of Texas. All in violation of Title 8 United States Code, Section 1325(a)(2)."

A bench trial was held on August 30, 2006 before a United States Magistrate Judge. The Defendant was found guilty and sentenced to 90 days imprisonment. The Defendant timely appealed this conviction.

**Standard of Review**

In connection with an appeal from a magistrate judge's judgment of conviction, the defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge. *See* Fed. R. Crim. P. 58(g)(2)(D).

Accordingly, this Court reviews the Magistrate Judge's finding of guilt after a bench trial to determine whether it is supported by any substantial evidence. Evidence is sufficient to sustain a conviction if any rational trier of fact could have found that the evidence established guilt beyond a reasonable doubt. In conducting this inquiry, this Court examines the evidence as a whole and construes it in the light most favorable to the verdict. *U.S. v. Serna-Villarreal*, 352 F.3d 225, 234 (5th Cir. 2003). Thus, to prevail, Defendant must show that the Magistrate Judge's conclusion that Defendant knowingly eluded examination and inspection by immigration officers was one that no rational trier of fact could have reached.

**Analysis**

At trial, Special Agent William Jensen testified that the Defendant was arrested on April 19, 2006 as a result of a raid at the IFCO Pallet System. Although he was present in the United States illegally and was previously deported, because he did not have any criminal history, he was allowed to voluntarily return to Mexico on April 20, 2006 by walking across the international bridge in Laredo, Texas.

Special Agent Timothy James McElligott testified at trial that he read an article that appeared in the San Antonio newspaper wherein a lady stated that she had brought her boyfriend Daniel back

into the United States after he was deported in the IFCO raid.[1]  Special Agent McElligott further testified that he reviewed the IFCO arrest records and noted that only one Daniel was arrested that day.  The IFCO arrest paperwork indicated that Daniel's address was 215 North Olive, San Antonio, Texas.  ICE Agents thereafter began a surveillance of that address on June 21, 2006.  ICE Agents subsequently found the Defendant and his girlfriend Imelda Lopez at that address on June 23.

After his arrest and *Miranda* warnings given, the Defendant was interviewed by Special Agent Joe Cisneros.  The Defendant told Special Agent Cisneros that he crossed into the United States on June 12 near Reynosa, Texas, that he paid someone $100 to assist him in crossing, and that once he crossed he walked four or five days to San Antonio.

The ICE agents also testified that the Defendant's girlfriend's Suburban had made two border crossings at Laredo, Texas in May.

The Defendant called as a witness, Oscar Barrientos, a former Border Patrol employee.  Barrientos testified that he crosses the border on a frequent basis, and that on an occasional basis he and his passengers have been waived through with no further inquiries being made.

Defendant argues that the Magistrate Judge erred in denying a judgment of acquittal because he cannot be convicted based on his uncorroborated confession regarding his manner of entry into the United States.  Specifically, Defendant argues that there is no independent evidence that he eluded examination and inspection by immigration officers as charged.  Defendant argues that his girlfriend acknowledged in the San Antonio newspaper article that she picked him up at the border,

---

[1] In part, the article stated that after Daniel's deportation he was forced to live in a ramshackle apartment in Nuevo Laredo, Mexico, was a victim of an attempted mugging, and suffering from poor health.  As a result, Defendant's girlfriend, Imelda Lopez, stated despite fear of arrest for alien smuggling, she put Daniel in her vehicle and crossed the international bridge from Neuvo Laredo to Laredo, Texas.

that it is possible that border agents merely waived them through and there was no eluding examination and inspection as charged.[2]

The Defendant correctly states that a defendant cannot be convicted based solely on his uncorroborated confession. "The Supreme Court ruled years ago that 'an accused may not be convicted on his own uncorroborated confession.' That has been immutable doctrine ever since. The government must introduce independent evidence which would tend to establish the trustworthiness of the confession." *U.S. v. Deville*, 278 F.3d 500, 506 (5th Cir. 2002)(citations omitted).

However, as stated by the Fifth Circuit, "the doctrine is not as unyielding as it seems." *Id.* "The corroborative evidence alone need not prove the defendant's guilt beyond a reasonable doubt, nor even by a preponderance, as long as there is substantial independent evidence that the offense has been committed, and the evidence as a whole proves beyond a reasonable doubt that the defendant is guilty.... [E]xtrinsic proof [is] sufficient which merely fortifies the truth of the confession, without independently establishing the crime charged. The corroborating independent facts need only support the 'essential facts admitted sufficiently to justify a jury inference of their truth.' 'The evidence corroborating a confession must tend to connect the accused with the crime. Corroboration is satisfied if the accused by his confession demonstrates knowledge of the time, place or method of the offense.' 'If there is extrinsic evidence tending to corroborate the confession, the confession as a whole is admissible; and some elements of the offense may be proven entirely on the basis of a corroborated confession.'" *Deville*, 278 F.3d at 506-507 (citations omitted).

---

[2]The Government objected at trial to the use of the newspaper article as hearsay to relay what Ms. Lopez may have said. The Government argued that it introduced the newspaper article merely to establish why a surveillance was conducted at Lopez's residence. The Magistrate Judge did not rule on the objection. Ms. Lopez did not testify at trial.

Taking all the evidence together, the confession is not substantially corroborated.  Rather, the evidence contradicts the confession.  The only evidence the Government proffered on the issue of eluding examination and inspection by immigration officers was the uncorroborated confession.

The Government could have, but failed to, charge and try the Defendant under 8 U.S.C. § 1326 which provides that any alien who has been excluded, deported, or removed, and thereafter is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both.  As indicated above, however, the Government charged and tried this case under section 1325 and accordingly was required to prove that the Defendant knowingly eluded examination and inspection by immigration officers.  The Government failed to proffer competent evidence to meet its burden.[3]

## Conclusion

The conviction and sentence is REVERSED.

It is so ORDERED.

SIGNED this 23rd day of August, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[3]*See also U.S. v. Granados*, No. EP-78-CR-260 (July 15, 1980).